■ SAMUEL SKURNICK et al., Respondents, v. HAROLD FRIEDLANDER, Appellant.— Order entered June 20, 1968, unanimously modified on the law by granting defendant's motion for summary judgment to the extent of dismissing the second and third causes of action in the complaint, with $50 costs and disbursements, and, as so modified, affirmed. The remaining cause alleges that the transaction, by which it is made to appear that $10,000 worth of third-party notes were discounted by plaintiffs with defendant for $6,000, actually was the giving of the notes as collateral for the loan of the smaller sum. The cause may be maintained under well-settled law (see *Millerton Agway Coop.* v. *Briarcliff Farms*, 17 N Y 2d 57; McKinney's Cons. Laws of

N. Y., Book 62½, Uniform Commercial Code, § 9-203, p. 396, note 4). The second cause recites a claim of duress by defendant's having taken advantage of plaintiffs' need for immediate cash to pay medical bills. This claim is not substantiated by the record; it appears that plaintiffs' need, if any, was for a sum a good deal less than that involved. Further, plaintiffs waited an unduly long time to advance such a claim. Plaintiffs also aver under this cause that they, experienced businessmen, executed an assignment agreement and "were not given an opportunity to read same"; this is worthy of no more than passing mention. The third cause seeks declaratory judgment cancelling the obligation to repay on the ground of usury. This must fall, for neither disputed version of the transaction, whether discount or collateral security, will support a charge of usury. There is, therefore, no factual issue as to the second and third causes, and summary judgment should have been granted as to them. Concur — Eager, J. P., McGivern, Markewich and Nunez, JJ.